**UNITED STATES of America,**
**Plaintiff–Appellee**

v.

**Rosario MUNIZ TELLEZ,**
**Defendant–Appellant.**

**No. 07–50241**
**Conference Calendar.**

United States Court of Appeals,
Fifth Circuit.

Oct. 24, 2007.

Joseph H. Gay, Jr., Assistant U.S. Attorney, U.S. Attorney's Office, Western District of Texas, San Antonio, TX, for Plaintiff–Appellee.

H. Thomas Hirsch, Odessa, TX, for Defendant–Appellant.

Before JOLLY, BENAVIDES, and STEWART, Circuit Judges.

PER CURIAM: *

Rosario Muniz Tellez appeals his conviction following a jury trial for being an unlawful user of a controlled substance in possession of ammunition in violation of 18 U.S.C. § 922(g)(3). He argues that the district court erred in denying his request for an instruction and jury charge that included the definition of "unlawful user" that this court used in *United States v. Herrera*, 289 F.3d 311, 323–24 (*Herrera I*), *vacated, United States v. Herrera*, 313 F.3d 882 (5th Cir.2002) (en banc) (*Herrera II*). The Government moves for summary affirmance on the ground that Muniz Tellez's argument is foreclosed by our precedent or, in the alternative, for an extension of time to file an appellate brief.

We review a district court's refusal to give a requested jury instruction for abuse of discretion. *United States v. Cain*, 440 F.3d 672, 674 (5th Cir.2006). Muniz Tellez's argument that the district court erred in refusing to give the jury a *Herrera I* instruction is foreclosed by our precedent, particularly our decision in *United States v. Patterson*, 431 F.3d 832, 837–39 (5th

---

**916**

Cir.2005), *cert. denied,* —— U.S. ——, 126 S.Ct. 2043, 164 L.Ed.2d 798 (2006). *See also United States v. McCowan,* 469 F.3d 386, 391–92 (5th Cir.2006); *Herrera II,* 313 F.3d at 883–85. Accordingly, the district court's judgment is AFFIRMED, the Government's motion for summary affirmance is GRANTED, and the Government's alternative motion for an extension of time to file an appellate brief is DENIED.

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.